**BOWLES, Adm'r, O. P. A., v. PALAI et al., and ten other cases.**

District Court, S. D. New York.

June 3, 1944.

454

John D. Masterton, of New York City, for O.P.A.

No appearances or attorneys for defendants.

LEIBELL, District Judge.

I declined to sign the consent decrees in the above actions in the form in which they were submitted, because of the provision in the latter part of paragraph (h) relating to a "voluntary" payment to the Treasurer of the United States. Paragraph (h) of the proposed decree read as follows: "(h) To refund to the persons entitled thereto all rent paid since November 1, 1943 in excess of the maximum legal rent provided under the Rent Regulation for Hotels and Rooming Houses in the New York City Defense-Rental Area, within ten (10) days of the entry of this decree or such later date as is agreed to by the plaintiff; provided, however, that if the parties herein agree that refund of such excess rent or any part thereof by defendants to the tenants as ordered herein is not feasible, then and in that event the defendants may, in the discretion of the plaintiff, offer a voluntary contribution to the Treasury of the United States, which contribution if accepted by the Treasury of the United States shall be in lieu of the requirement herein of refund of said excess rent to tenants by defendants,"

I have crossed out that part of paragraph (h) which begins with the words "provided, however, etc."

I was informed over the telephone by one of the attorneys in the office of the plaintiff, Price Administrator, that it is a practice of the Administrator's Office to have a defendant, at the time he makes the "voluntary" contribution to the United States Treasurer, sign an affidavit in which the defendant acknowledges that he is still liable to the missing tenant for the refund of the overcharge, if the tenant should later appear and demand the same. There is no obligation on the part of the United States Treasurer to make the payment to the tenant and no pretense is made that any such payment would be made by the United States Treasurer if the missing tenant later on claimed it.

Considering the relationship of the parties and the pendency of the litigation at the time the payment is made, it is a misnomer to term the payment "voluntary". Concerning the practice followed, I understand that the payment to the United States Treasurer is suggested to a defendant in a suit of this kind by the Administrator's office as part of the settlement of the action. Manifestly the defendant would not think of such an arrangement himself. Although the language of paragraph (h) in respect to said payment is prospective in its terms, it does not conform to the factual situation, if the so-called "voluntary" payment is made by the defendant to the United States Treasurer in advance of the submission to the Court of the consent decree.

The Administrator's attorney is of the opinion that because the defendant would be unjustly enriched if the refund could not be made to a missing tenant, that the defendant should not be permitted to keep the overcharge and should therefore pay the same into the Treasury of the United States. That may appear to be equitable enough, but Congress made no provision for any such payment in the enforcement section of the Act.

A defendant who violates the regulations set up pursuant to the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., is subject to criminal prosecution, and also to an action for $50 or treble the amount of the excess charge in a suit by the person overcharged. No one can deprive the injured party of that right against the defendant. Yet under the terms of the proposed decree the "voluntary" payment to the United States Treasurer "shall be in lieu of the requirement herein of refund of said excess rent to tenants by defendants." In my opinion this practice for so-called "voluntary" payments to the United States Treasurer in cases of this kind is not authorized by the statute. No sanction for it should be embodied in a decree of this Court, even on consent. The Act itself contains all the remedies made available by the Congress and this is not one of them. Chapter 26, Title II, § 205, 56 Stat. 33, Title 50 U.S.C.A.Appendix, § 925.